

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2006

# Atwell v. Dean

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3153

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Atwell v. Dean" (2006). *2006 Decisions.* Paper 55.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/55

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-69                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 06-3153 and 06-3290
_____

GEOFFREY WILLARD ATWELL,
Appellant

v.

PAUL T. DEAN; MICHAEL A. GEORGE
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 06-cv-01046)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
November 30, 2006

BEFORE: SLOVITER, CHAGARES and NYGAARD, CIRCUIT JUDGES

(Filed: December 20, 2006)
_____

OPINION
_____

PER CURIAM

Geoffrey Atwell, a former state prisoner proceeding pro se, appeals an order of the

United States District Court for the Middle District of Pennsylvania denying his motion

for recusal and an order dismissing his civil rights complaint.  We will dismiss his appeals

pursuant to 28 U.S.C. § 1915(e)(2)(B).

Atwell filed a civil rights action against former Assistant District Attorney Paul Dean and former District Attorney Michael George alleging that they falsely and maliciously prosecuted him in violation of his rights to due process and equal protection of the law. Atwell sought various remedies, including the prosecution of Dean and George for violating federal law, and the termination of their employment.

Shortly thereafter, Atwell sought the recusal of District Judge Sylvia Rambo pursuant to 28 U.S.C. §§ 144, 455(a) and 455(b)(1). Atwell alleged that Judge Rambo was biased against him based upon her adverse rulings in civil rights actions he filed when he was incarcerated, and the fact that this Court remanded some of his cases to the District Court for further proceedings. Atwell also stated that he filed a criminal complaint against Judge Rambo, and that she had a conflict of interest because she was previously employed by the Commonwealth of Pennsylvania.

Judge Rambo denied the motion for recusal and subsequently dismissed Atwell's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). These appeals followed. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1]

As recognized by Judge Rambo, opinions formed by a judge on the basis of events

---

[1]Atwell was initially notified that his appeal of the order denying recusal (C.A. No. 06-3153) might be dismissed for lack of jurisdiction because a final order had not been entered in his case at the time he filed his appeal. Because the District Court has now entered a final order, we have jurisdiction to review the order denying recusal along with Atwell's appeal from the final order, in C.A. No. 06-3290. We hereby consolidate these two appeals.

occurring in the course of prior proceedings do not constitute a basis for a bias motion under 28 U.S.C. §§ 144, 455(a) and 455(b)(1) unless they display a deep-seated antagonism that would make fair judgment impossible. Liteky v. United States, 510 U.S. 540, 555 (1990). Judicial rulings alone almost never constitute a valid basis for a bias motion. Id. As Atwell's allegations do not show a deep-seated antagonism, Judge Rambo did not abuse her discretion in denying Atwell's request for recusal based upon her rulings in his prior lawsuits, and the fact that some of those decisions were remanded on appeal. We also agree that Judge Rambo's employment as a Pennsylvania judge thirty years ago, and the fact that Atwell filed a complaint against Judge Rambo, of which she stated she had no knowledge, did not require recusal.

Judge Rambo also did not err in dismissing Atwell's complaint. To the extent Atwell sought damages for false and malicious prosecution, Atwell has no cause of action under 28 U.S.C. § 1983 absent a showing that his conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The District Court also correctly noted that it lacked authority to order the defendants' prosecution or the termination of their employment.

Accordingly, we will dismiss these appeals pursuant to 28 U.S.C. § 1915(e)(2)(B).